64 A.3d 234

IN THE MATTER OF ANTHONY J. GIAMPAPA, AN ATTORNEY
AT LAW (ATTORNEY NO. 003321973).

March 19, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–171, concluding that **ANTHONY J. GIAMPAPA** of **FAIRFIELD,** who was admitted to the bar of this State in 1973, should be suspended from the practice of law for a period of three months for violating *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of the matter or to promptly comply with reasonable requests for information), *RPC* 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation), *RPC* 1.15(a)(failure to safeguard client funds), *RPC* 1.15(b)(failure to promptly deliver funds to a client or third person), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations), and *RPC* 5.5(a)(practicing law while ineligible);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof that he has corrected all of his recordkeeping violations and that on reinstatement, he should be required to submit to the Office of Attorney Ethics monthly reconciliations of this attorney accounts on a quarterly basis for a period of two years;

And the Court having determined from its review of the matter that in addition to the conditions determined by the Disciplinary Review Board to be warranted, respondent should be supervised in the practice of law for a period of two years following his reinstatement to practice;

And good cause appearing;

It is ORDERED that **ANTHONY J. GIAMPAPA** is suspended from the practice of law for a period of three months, effective

April 19, 2013, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics that he has corrected all of his recordkeeping violations; and it is further

ORDERED that following his reinstatement to practice, respondent shall submit to the Office of Attorney Ethics monthly reconciliations of his attorney accounts on a quarterly basis and shall practice law under the supervision of a practicing attorney approved by the Office of Attorney Ethics, for a period of two years and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.